SECOND DEPARTMENT, SEPTEMBER TERM, 1878.

## GEORGE WEISSENSTEIN, RESPONDENT, v. HENRY ELIAS AND OTHERS, APPELLANTS.

*Assignee of chattel — right of to recover the value thereof, from one taking it from the assignor.*

One B. agreed to build a wagon for the defendants, and before it was completed he sold the wagon to plaintiff by a bill of sale. Subsequently the wagon was delivered to defendants in plaintiff's presence, the defendants not, however, paying B. therefor. *Held,* that plaintiff was entitled by virtue of the bill of sale to recover the value of the wagon from the defendants.
*McKee* v. *Judd* (12 N. Y., 622) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought to recover the value of a wagon built for and delivered to the defendants by one Breilmeyer; the complaint alleges that the claim of the latter had been transferred to the plaintiff. The only transfer was a bill of sale of the wagon executed by Breilmeyer to the plaintiff, while the wagon was being built and before its completion.

*Thos. H. Rodman, Jr.,* for the appellants.

*Wm. E. Pearse,* for the respondent.

BARNARD, P. J.:

The question presented by this appeal was settled in *McKee* v. *Judd* (12 N. Y., 622.) It was held in that case that an assignment of the property in an article transferred a right of action for its conversion while in the hands of the assignor. In this case, one Breilmeyer agreed to furnish all the materials for and to furnish complete a large wagon for the defendants. Before it was finished, Breilmeyer sold the wagon to plaintiff. After the completion, the wagon was delivered to the defendants by Breilmeyer in presence of plaintiff. It was a matter disputed on the trial whether the wagon was completed according to the contract.

The jury found that it was. Before the delivery of the wagon to the defendants, they had no title to it. It was plaintiff's wagon. If the wagon was such as was contracted for, the plaintiff under the authority of the case above cited had a right of action to recover for its value. The judgment should be affirmed, with costs.

GILBERT, J., concurred ; DYKMAN, J., not sitting.

Judgment affirmed with costs.